UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Catalin Livio Buculei, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09-40215-DJC |
| United States of America, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                              August 4, 2011

### I.     Introduction

Plaintiff Catalin Livio Buculei ("Buculei") brings this action against the United States of America ("Defendant") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674 *et seq*. Buculei, who has been confined at the Federal Medical Center at Devens ("FMC-Devens"), alleges that personnel at FMC-Devens failed in their duty to provide him with timely, adequate and proper treatment for various dental ailments that resulted in significant harm, pain and suffering. The Defendant has now moved to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) arguing that Buculei has failed to state a claim within the waiver of sovereign immunity in the FTCA and, alternatively, at least as to certain of his claims, that he has failed to comply with the statute of limitations and exhaustion requirements of the FTCA. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

### II.    Standard of Review and Burden of Proof

Defendant's sovereign jurisdiction argument is a so-called "sufficiency challenge," <u>Valentin v. Hospital Bella Vista</u>, 254 F.3d 358, 363 (1st Cir. 2001), which requires the Court to "accept[] the

1

plaintiff's version of jurisdictionally-significant facts as true and address[] their sufficiency [as] . . . an adequate basis for subject matter jurisdiction." Id. "In performing this task, the court must credit the plaintiff's well-pleaded factual allegations (usually taken from the complaint, but sometimes augmented by an explanatory affidavit or other repository of uncontested facts), draw all reasonable inferences from them in her favor, and dispose of the challenge accordingly." Id.

Defendant's statute of limitation and exhaustion arguments arise in a different posture. Timeliness and exhaustion are jurisdictional prerequisites for FTCA claims, and the party invoking federal court jurisdiction over an FTCA claim - here, Buculei - bears the burden of proving that these prerequisites are satisfied. Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003).

## III. Background

### A. Count I–FTCA claim arising out of April 2006 to May 2007 Events

Buculei, who was convicted in 2000 of various counts relating to interstate travel with intent to engage in a sexual act with a minor and sexual exploitation for the purposes of producing child pornography, was transferred from another correctional institution to FMC-Devens in May 2004. In or about the end of April 2006 or beginning of May 2006, he began experiencing a toothache that became, over time, quite severe. On or about May 14, 2006, Buculei submitted a request (referred to as "a copout") to the dental officer at FMC-Devens requesting treatment for his ailment. According to the complaint, Buculei neither received a response to his request nor got a dental visit scheduled. The complaint further alleges that Buculei thereafter submitted other copouts requesting dental treatments on multiple occasions between June 3, 2006 and April 5, 2007 and otherwise attempted to get a response to his requests for dental treatment. Buculei claims that he received no substantive response to these requests until April 8, 2007 when he was ordered to report to the health services unit. There, he was seen by a practitioner who examined his abscess and prescribed

2

painkiller and antibiotics. Although he was told that the prescribed medications would be available for pickup from FMC-Devens' pharmacy the next day, they were not and he was not able to get the medications until the afternoon of the following day, April 10, 2007.

On the following day, April 11th, Buculei was examined "briefly" by other medical officers and who, shortly thereafter, sent him to the emergency room at the UMass Memorial Medical Center. At the hospital, an emergency room doctor performed oral surgery on Buculei. Buculei was discharged from the hospital with a prescription for painkillers and instructions to "[s]ee dentist as soon as possible you need dental work that cannot be done in ER (extraction/Root canal)." Third Am. Compl. ¶ 13. Although Buculei was seen by a doctor shortly after his return from the ER (who also recommended followup with the prison's dentist) and by medical staff at various points over the next few weeks, FMC-Devens did not have a dentist on staff and Buculei was not scheduled for a dental appointment until May 7, 2007. However, that May 7th dental appointment (and a subsequent May 11th appointment) were cancelled. When he was finally seen by a dentist on May 21, 2007, his tooth was extracted. On our about May 25, 2007, Buculei informed dental staff that he had a newly developed abscess. Although he was prescribed antibiotics, again there was a delay (this time, a one-day delay) in the medication being available at the pharmacy. After taking the prescribed medication, this dental resolved within ten days.

**B. Count II–FTCA Claim Arising out of June 2009 to February 2010 events**

In June 2009, Buculei again began to experience acute pain in several other teeth. The complaint alleges that Buculei failed to receive timely attention and care for his dental ailments. Specifically, Buculei submitted numerous requests, including copouts and inmate sick call signup sheets, on June 30, 2009 and various dates in July and August 2009 in an attempt to be seen by a dentist. Although Buculei received some response to his requests, advising that he was on the

3

waiting list and to be patient, it appears that he did not receive treatment until October 22, 2009 when he had a cavity filled in one of his teeth,[1] and even then, was not treated for all of his dental issues. By December 25, 2009, Buculei was still seeking mental treatment and care for the dental matters that he had first raised on June 30, 2009.

As to each of the counts of the complaint, Buculei alleges that the Defendant "owed a duty to Buculei to provide timely, proper and appropriate medical and dental treatment," it breached its duty and its breach "resulted in significant harm to Buculei through prolonged excruciating dental pain and suffering which adversely affected his ability to function properly and participate in major life activities, such as eating, drinking and sleeping, as well as causing mental anguish, stress, fear, depression, and other mental anguish." Third Am. Compl. ¶¶ 29-31, 49-51.

## IV. Procedural History

### A. Administrative Proceedings

#### 1. Count I

On December 22, 2008, BOP received an executed administrative claim, filed by Buculei and dated December 15, 2008, alleging that Buculei had been denied proper dental car between April 2006 and May 2007. Def. Memo. at 4-5; Magnusson Decl. ¶ 7, Exh. D, p. 491-512; Third Am. Compl. ¶ 26. The BOP Regional Counsel denied this administrative claim in a memorandum dated June 18, 2009, which Buculei received on July 10, 2009. Def. Memo. at 5; Magnusson Decl. ¶ 7, Exh. D, p. 511-14; Third Am. Compl. ¶ 26. Buculei filed his original complaint in this case on December 2, 2009, within six months of that denial. D. 1.

---

[1] Although it is not clear in the third amended complaint, it appears that Buculei may have received a temporary filling for another tooth sometime in August 2009.

4

### 2. Count II

On September 22, 2009, BOP received another executed administrative claim from Buculei, dated September 15, 2009, alleging that he had been denied dental care between June 30, 2009 and August 17, 2009. Def. Memo. at 5; Magnusson Decl. ¶ 8, Exh. E, p. 516-24; Third Am. Compl. ¶¶ 46-48.[2] By letter dated September 29, 2009, BOP Regional Counsel acknowledged receipt of the claim. The original complaint in this case was filed on December 2, 2009, prior to Buculei's receipt of a denial of his September 15, 2009 administrative claim, but that complaint did not include any allegations with regard to this claim. The BOP denied the administrative claim on March 19, 2010. On May 17, 2010, within six months of the BOP denial, Buculei amended his complaint to include a count based on the claim. Second Am. Compl. ¶¶ 32-51; see also Third Am. Compl. ¶¶ 32-51.

### B. District Court Proceedings

Buculei filed his initial complaint in this case *pro se* on December 2, 2009. D. 1. On January 20, 2010 Judge Tauro granted Buculei's request for *pro bono* counsel, D. 5, 8, and Buculei's counsel made his initial appearance on March 2, 2010. On March 10, 2010 Buculei filed his first amended complaint, which included only the allegations comprising Count I discussed above. D. 15. Buculei filed a second amended complaint, including the allegations that comprise both Count I and Count II, on May 17, 2010. D. 20. The second amended complaint was superseded on May 26, 2010 by a third amended complaint, which also included both Count I and Count II and which is the operative complaint. D. 21. After the Defendant moved to dismiss, D. 37, the case was reassigned from Judge Tauro's session to this session, D. 43, and on August 1, 2011 the Court heard argument on the motion.

---

[2]It appears that Buculei later supplemented this claim on October 3, 2009, but the supplement sought a greater amount of damages and did not expand the time period during which he alleged that he was denied dental care.

**V.	Discussion**

**A. Whether Buculei's Claims Fall within the FTCA's Waiver of Sovereign Immunity**

"[I]t is a fundamental tenet of our country's jurisprudence that, as a general matter, sovereign immunity bars suits against the government." Santana-Rosa v. United States, 335 F.3d 39, 41 (1st Cir. 2003). However, "the FTCA offers a limited waiver of the federal government's sovereign immunity as to negligent acts of government employees acting within the scope of their employment. Id. at 42; see also Bolduc v. United States, 402 F.3d 50, 55 (1st Cir. 2005). Specifically, the FTCA waives sovereign immunity for claims:

> against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States *if a private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added). The FTCA also provides that "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. If the FTCA does not provide a waiver of sovereign immunity for the claims that a plaintiff asserts, the Court is without subject matter jurisdiction to entertain those claims. Muirhead v. Mecham, 427 F.3d 14, 17 (1st Cir. 2005).

"Federal constitutional or statutory law cannot function as the source of FTCA liability." Bolduc, 402 F.3d at 56; see FDIC v. Meyer, 510 U.S. 471, 478 (1994). Accordingly, the Court must look to the applicable state law to identify a basis for holding a private person liable in tort for the acts and omissions alleged by Buculei in this case. See, e.g., Bolduc, 402 F.3d at 56-57. Buculei's claims sound in tort as he has alleged that the Defendant had a legal duty to plaintiff; that the Defendant breached that duty and that, as a result, Buculei has suffered damage or injury. Dantone

v. Bhaddi, 570 F.Supp.2d 167, 172 (D. Mass. 2008) (finding that a prisoner injured during transport stated a negligence claim against the United States under the FTCA and denying a motion to dismiss that claim); see also Kilburn v. Dep't of Corr., 72 Mass. App. Ct. 1105 (Table), 2008 WL 2566382, at *3 and *3 n. 6 (2008) (unpublished decision) (discussing DOC's "responsibility in providing inmates with dental services" in the context of a claim brought under the Massachusetts Tort Claim Act ("MTCA"), Mass. G. L. c. 258, § 4).

The Defendant argues that Buculei's negligence claims amount to allegations of constitutional violations, not common-law torts, and thus cannot support an FTCA action. An argument along these lines in a medical (rather than dental) context has found support in at least one Massachusetts court reviewing a state law claim brought under the MTCA, which is similar in some respects to the FTCA. See Garcia v. Essex Cnty. Sheriff's Dep't, 65 Mass. App. Ct. 104, 110 (2005) ("the defendant's duty to provide medical care [to plaintiff], who was in the defendant's custody, is a constitutional duty, . . . not the kind of duty covered by the MTCA") (citations omitted). The Defendant emphasizes that under this theory, Buculei is not without a remedy; rather, the Defendant argues, Buculei brought the wrong action to vindicate his rights when he could have brought an action against individual defendants for alleged constitutional violations (i.e., Eighth Amendment, see Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)) pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Indeed, Buculei asserted such a claim in his initial *pro se* complaint, D. 1 at 35-36, but has abandoned it in his operative third amended complaint.

In response, Buculei cites to the seminal Supreme Court case in this area of the law, United States v. Muniz, 374 U.S. 150 (1963), to argue that the government's waiver of sovereign immunity under the FTCA clearly applies to the claims that he now asserts in this case. Muniz resolved two consolidated FTCA cases - one brought by plaintiff Muniz, one by plaintiff Winston - involving

7

allegations of negligence by prison officials. Id. at 150-51. Winston alleged that he suffered from increasingly severe dizziness and problems with balance and vision while in prison, and that he repeatedly sought medical attention for his ailments. Id. at 151. Winston was given dramamine for his dizziness but was otherwise denied access to a doctor. Id. After nine months of worsening symptoms, Winston's lawyer brought in a consulting physician. Id. Winston's symptoms were the result of a brain tumor; the tumor was successfully removed but Winston's sight could not be saved. Id. Winston alleged that the negligence of prison employees was responsible for delaying his diagnosis, for permitting the tumor to grow to the point where surgery was necessary and for his blindness. Id. at 152. The Court held that "Congress has clearly consented to suits such as those involved in the case at bar," id. at 153, and noted further that "[w]hether a claim could be made out would depend upon whether a private individual under like circumstances would be liable under state law, but prisoners are at least not prohibited from suing." Id; see also Santana-Rosa, 335 F.3d at 42 (citing Muniz for the proposition that "[i]n proper circumstances, prisoners such as the appellant here may invoke the FTCA to seek damages for injuries received while in confinement").

  Buculei argues that the negligence based upon a failure to provide timely and adequate dental care he alleges here is akin to the failure to provide appropriate medical treatment in Muniz. Pl. Opp. at 4.[3] The Court agrees. There is no meaningful distinction between the FTCA's treatment of claims of negligent dental care such as the one put forward in this case and claims of negligent medical care such as the one put forward in Muniz. Indeed, in Swan v. United States, 698 F.Supp.2d 227 (D. Mass. 2010), a claim similar to the one at bar - a negligent dental care claim brought by a

---

[3] Buculei notes that Gonzales v. United States, 284 F.3d 281, 287 (1st Cir. 2002), cited in the government's memorandum, involved a medical malpractice suit under the FTCA. The case, however, is of little aid to Buculei since it did not address whether the waiver of sovereign immunity extends to the negligence action of a prisoner for negligent acts that occurred during his custody, rather than a malpractice action.

prisoner against the staff at FMC-Devens - has already survived not only a motion to dismiss but also a motion for summary judgment. Id. at 230 (denying government's motion for summary judgment and proceeding to trial on a negligent dental claim, citing Muniz as authority). Regardless of whatever light Garcia may shed on the *M*TCA, under cases interpreting the *F*TCA it is clear that Buculei's claims are not barred by sovereign immunity.[4] Accordingly, the Court will deny the motion for dismissal for lack of subject matter jurisdiction.[5]

## B. Whether Buculei's Count I Claims Arising on or before December 15, 2006 are Time Barred

Count I of Buculei's complaint is based on events that occurred between April 2006 and May 2007. Defendant says that Buculei should be barred from pressing as much of Count I as arose before December 15, 2006 since he did not file his tort claim with the BOP until December 15, 2008. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). "The two-year limitations provision commences upon the 'accrual' of the claim, which occurs when the plaintiff knew or reasonably should have known (I) she was injured and (ii) the cause of the injury."

---

[4] The Defendant relies heavily on Bolduc, which does address the FTCA, but does not compel a result different from the one the Court reaches here. Bolduc addressed whether a prosecutor's alleged failure to turn over exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), gave rise to a tort claim of negligence under the state of Wisconsin's common law. Bolduc, 402 F.3d at 56-59. The First Circuit found it did not. Id. at 59. While Bolduc provides clear and binding guidance as to the standards district courts in this circuit must use when evaluating FTCA claims, it has little to say about whether Defendant's alleged failure to provide Buculei with timely dental care (not with Brady material) gives rise to a tort claim of negligence claim under Massachusetts' (not Wisconsin's) common law.

[5] Defendant sought and received leave of Court to amend its answer to include an alternative ground for dismissal, the discretionary function exception to waiver under the FTCA, 28 U.S.C. § 2680(a). D. 36 (motion to amend), Docket Entry 7/11/2011 (granting motion). Defendant did not subsequently amend its answer, however nor did it press a discretionary function argument in support of its motion to dismiss.

9

Patterson v. United States, 451 F.3d 268, 270 (1st Cir. 2006) (citing United States v. Kubrick, 444 U.S. 111, 117-18 (1979)). This statute of limitations must be "strictly construed"; claims "not brought within the two-year period fall outside of the courts' subject matter jurisdiction and cannot be heard." Rakes v. United States, 442 F.3d 7, 19 & n. 6 (1st Cir. 2006) (noting that SOL must be strictly construed but that the court "must also be careful not to be more stinting in the interpretation of the provision than its language requires"). Accordingly, "[t]imely filing of an administrative claim is a jurisdictional prerequisite to suit." Cascone v. United States, 370 F.3d 95, 103 (1st Cir. 2004). The Court thus lacks jurisdiction over the portions of Count I that arise from conduct (or omissions of conduct) on or before December 15, 2006 - specifically, Dr. Van Ells' alleged failure to respond to Buculei's copouts filed on May 14, June 3, June 11, June 29, July 9, July 23, July 31, August 13, August 25, September 6, September 10, September 23, October 3, October 20, November 6, November 22, and December 4, 2006 - and to that limited extent the Court will grant the motion to dismiss.[6] The Court does have jurisdiction over the remainder of Count I to the extent it arises out of conduct (or omission of conduct) that took place on or after December 16, 2006 and the remainder of the motion to dismiss Count I will be denied accordingly.[7]

## VI. Conclusion

For the reasons discussed above, the Motion to Dismiss is GRANTED in part and

---

[6] As the Court discussed at oral argument, the dismissal of any claims arising from conduct (or omissions of conduct) on or before December 15, 2006 is separate and distinct from any determination of whether the same conduct (or omissions of conduct) would be admissible at trial. The Court does not at this point reach any conclusion as to the admissibility of pre-December 15, 2006 conduct at trial.

[7] The Defendant had moved to dismiss Count II as prematurely filed, but after oral argument altered its position, conceding that Count II was filed properly and seeking leave of court to withdraw this argument from its motion to dismiss. D. 49. Leave to withdraw is hereby granted and the Court need not address the Defendant's initial arguments regarding Count II.

DENIED in part.

**So ordered.**

/s/ Denise J. Casper
United States District Judge