UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CATALIN LIVIO BUCULEI, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 09-40215-DJC |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

**CASPER, J.** August 7, 2012

**I. Introduction**

Plaintiff Catalin Livio Buculei ("Buculei") brings this action against the United States of America ("Defendant") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674 *et seq.* Buculei, who has been confined at the Federal Medical Center at Devens ("FMC-Devens"), alleges that personnel at FMC-Devens failed in their duty to provide him with timely, adequate and proper treatment for various dental ailments that resulted in significant harm, pain and suffering. The Court has previously summarized the relevant facts and procedural history in its Memorandum and Order, dated August 4, 2011, granting in part and denying in part Defendant's motion to dismiss, D. 50, and the Court will not repeat that history here. In the August 4, 2011 Order, this Court ruled that Buculei's claims in Count I that arose from events on or before December 15, 2006 were time barred. D. 50. More recently, Defendant has moved for summary judgment on the remaining claims before the Court, namely, the FTCA claims in Count I that arise after December 15, 2006 and Count II of the complaint. D. 58 at 2. For the reasons set forth below, Defendant's Motion for Summary Judgment is DENIED.

1

## II. Standard of Review and Burden of Proof

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the undisputed facts show that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56 (a). The moving party bears the burden of showing the basis for its motion and identifying where there exists a lack of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmovant "must point to 'competent evidence' and 'specific facts' to stave off summary judgment." Tropigas de Puerto Rico, Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011) (citation omitted); ATC Realty, LLC v. Town of Kingston, 303 F.3d 91, 94 (1st Cir. 2002).

## III. Discussion

Defendant argues that Buculei's claims under the FTCA are claims for negligence; *i.e.,* that the prison failed to provide adequate standard of care for Buculei's dental ailments. Accordingly, Defendant argues that Buculei must show that 1) Defendant owed a duty to Buculei; (2) Defendant breached that duty; 3) the breach was the proximate cause of Buculei's injury; and 4) Buculei suffered actual damage or injury. D. 58 at 3 (citing Frappier v. Countrywide Home Loans, Inc., 645 F.3d 51, 58 (1st Cir. 2011) and Heinrich v. Sweet, 308 F.3d 48, 62-63 (1st Cir. 2002)). Defendant further contends that Buculei has failed to come forward with any expert testimony regarding the standard of car for dental care and whether Defendant's conduct fell below such standard, id. at 12 (citing Primus v. Galgano, 329 F.3d 236, 241 (1st Cir. 2003); Swan v. United States, 689 F. Supp. 2d 227, 231 (D. Mass. 2010)) and, therefore, Defendant is entitled to summary judgment in its favor. Defendant also disputes any showing of causation between Defendant's alleged breach and Buculei's alleged injury. Id. at 13-14.

Although Buculei takes issue with the characterization of this case as a medical malpractice

case, he does not appear to take issue with Defendant's position that Buculei must meet the negligence standard of proof, as articulated above, to prevail in this matter. D. 62 at 13. Buculei contends, however, that whether FMC-Devens complied with its own policies regarding "cop-outs" (*i.e.*, in this context, requests by Buculei for medical care), whether it responded to Buculei's multiple cop-outs and did so in timely manner bears upon whether Defendant breached its duty to provide a reasonable standard of care for Buculei's dental treatment. D. 62 at 1.

The BOP must provide "decent, timely health care to its constituency." United States v. DeCologero, 821 F.2d 39, 43 (1st Cir. 1987). This obligation, however, "is met in full measure by the provision of adequate services: services at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards." Id.

Despite this standard, the Court agrees with Buculei to the extent that summary judgment in Defendant's favor is not warranted on this record where Defendant has failed to establish that there is no genuine issue of material fact. Whether there was unreasonable delay in responding to Buculei's cop-outs, a point that Defendant does not appear to concede, bears upon whether it provided a reasonable standard of care. Moreover, the Court does not agree that Primus and its progeny require summary judgment in Defendant's favor. Although Defendant has provided an affidavit of Chief Dental Officer Britt Still, a dentist at Devens, chronicling the record of Buculei's dental history, D. 59-1, this affidavit does not address the delay in responding to cop-outs and whether such delay could have caused later dental conditions (or aggravated earlier conditions), an issue that Buculei that points to as critical to his claims.

Moreover, "breach of the duty of care and negligence are typically questions of fact" for the factfinder. Swan, 698 F. Supp. 2d at 231; see Sullivan v. Commissioner of Correction, 69 Mass. App. Ct. 1115 (2007) (reversing summary judgment for the defendant where there was no evidence

3

in the record regarding "community standards" of health care regarding prisoner's dental care and where there were genuine issues of material fact regarding the circumstances under which dental cleanings were provided and whether one dentist had recommended a root canal). Although Buculei does not dispute that he received dental care from Defendant between December 2006 and February 2010, he disputes that he received timely and prompt care and has identified multiple cop-outs that went unheeded or were not responded to in a prompt manner. Pl. Resp. To SOF, ¶¶ 5XX-5EEE, 6A-6Z.[1] Moreover, Buculei points to the failure of FMC-Devens' staff to comply with its own policies and procedures including, but not limited to, its policy that "all Cop-Outs will be responded to as quickly as possible." Id. at ¶ 3A (citing the Admissions and Orientation handbook). It is Defendant's alleged failure to provide timely responses to the requests for dental care in violation of the institution's own policy that Buculei contends caused the injury he claims here.

Given the current record now before the Court, the Court shall deny summary judgment to Defendant.

## IV. Conclusion

For the reasons discussed above, Defendant's Motion for Summary Judgment is DENIED.

**So ordered.**

/s/ Denise J. Casper
United States District Judge

---

[1] These material facts in dispute occurred after December 15, 2006, which are relevant to the portion of Count I that remains before the Court, or after June 2009, which are relevant to the claims in Count II.

4